1
2
3
4
5
6        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8   _____
                                            )
9   KATHRYN NURRE,                          )
                                            )   No. C06-901RSL
10                      Plaintiff,          )
                                            )   ORDER REQUESTING
11          v.                              )   ADDITIONAL BRIEFING
                                            )
12  DR. CAROL WHITEHEAD, in her individual  )
    and official capacity as the Superintendent of )
13  Everett School District No. 2,          )
                                            )
14                      Defendant.          )
    _____)

This matter comes before the Court on "Plaintiff Nurre's Motion for Summary Judgment Under CR 56(a)" (Dkt. #17) and "Defendant's Motion for Summary Judgment" (Dkt. #8). On June 26, 2006, plaintiff filed a complaint under 28 U.S.C. § 1983 against defendant Dr. Carol Whitehead as both an "individual" and in her "official capacity as the Superintendent of Everett School District No. 2" claiming that defendant violated plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution by prohibiting an instrumental performance of Franz Biebl's "Ave Maria" by the wind ensemble at Jackson High School's 2006 graduation. See Dkt. #1. Both parties agree that suing defendant in her "official capacity" is functionally equivalent to a claim against the Everett School District. See Dkt. #25 at 5 ("The claim against the Defendant in her official capacity is the functional equivalent of a claim against the School District[.]"); Dkt. #32 at 2 ("Dr. Whitehead does not dispute that the suit against her in her official capacity is, in reality, a suit against the Everett School District.");

ORDER REQUESTING
ADDITIONAL BRIEFING

Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.").

In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978), the Supreme Court established that a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior. Instead, a "school district's liability under Monell may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policy maker.'" Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004) (citation omitted). See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality) ("[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability."); see also Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (stating that a "section 1983 plaintiff may establish municipal liability in one of three ways" including establishing "that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official government policy.") (citation omitted).

In this case, plaintiff has not alleged that Dr. Whitehead was acting pursuant to an expressly adopted policy or longstanding practice or custom of the Everett School District. To the contrary, in her complaint plaintiff alleges that the "decision of Defendant Whitehead to veto the decision of Plaintiff and other senior members of the wind ensemble to perform Biebl's 'Ave Maria' is contrary to and inconsistent with Policy 2340 P" and "Policy 3220 of the Everett School District No. 2." See Dkt. #1 at ¶¶15, 16; Dkt. #17 at 13. In their motions, however, neither party addressed whether or not Dr. Whitehead was acting as a "final policymaker." Accordingly, the Court requests additional briefing on the issue of whether under Washington state law, Dr. Whitehead was a "final policymaker" for the Everett School District with respect

ORDER REQUESTING
ADDITIONAL BRIEFING                    -2-

1  to the decision not to allow the instrumental performance of Franz Biebl's "Ave Maria" during
2  the 2006 Jackson High School graduation.  Each party may file a memoranda, not to exceed 8
3  pages in length, addressing this issue by **June 22, 2007**.  Each party may file a response to the
4  opposition's memoranda by no later than **June 29, 2007**.  The responses, if any, shall not exceed
5  4 pages in length.  No reply memoranda will be considered.

DATED this 12th day of June, 2007.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER REQUESTING
ADDITIONAL BRIEFING                    -3-